**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAWRENCE ARDUINI, derivatively on behalf of INTERNATIONAL GAME TECHNOLOGY,<br><br>    Plaintiff,<br><br>vs.<br><br>PATTI S. HART, et al.,<br><br>    Defendants.<br><br>and<br><br>INTERNATIONAL GAME TECHNOLOGY,<br><br>    Nominal Defendant. | 3:11-cv-00255-ECR-VPC<br><br>**Order** |

This is a shareholder derivative action brought by a shareholder of Nominal Defendant International Game Technology ("IGT"). Now pending is IGT's Motion to Dismiss (#6).

The motion is ripe, and we now rule on it.

### I. Factual and Procedural Background

IGT is a Nevada corporation that designs, manufactures, markets, licenses, and services electronic gaming equipment and network systems. (Compl. ¶ 2 (#1).) Plaintiff Lawrence Arduini is an individual shareholder of IGT. (Id. ¶ 12.) On April 8, 2011, Plaintiff filed the Verified Shareholder Derivative Complaint ("the

Complaint") (#1). The Complaint asserts eight counts which describe various ways that IGT officers and directors allegedly breached their fiduciary duties and were unjustly enriched during the period from November 2007 to the present.[1] At the heart of Plaintiffs' Complaint is the allegation that certain IGT senior officers made intentionally misleading public statements about the bright financial prospects of IGT, and that at least some of them benefitted from selling their own stock in IGT at inflated prices. In fact, Plaintiffs allege, the officers were mismanaging the company, so that the prospects for the future were not bright at all. The IGT Board of Directors, meanwhile, allegedly failed to oversee adequately the work of the officers and the performance of the company, failed to take action to terminate the officers for cause, and even rewarded one of them in particular, the former CEO, with a revised employment contract providing a large salary and bonus.

A previous consolidated shareholder derivative action based on essentially identical allegations was filed in this Court on December 11, 2009. Fosbre v. Matthews, No. 3:09-cv-00467, 2010 WL 2696615 (D. Nev. July 2, 2010). This Court dismissed that action

---

[1] The eight counts include the following: (1) "Against the Individual Defendants for Breaches of Fiduciary Duty For Improper Financial Reporting"; (2) "Against the Insider Selling Defendants for Breach of Fiduciary Duties for Insider Selling and Misappropriation of Information"; (3) "Against All Individual Defendants for Breach of Fiduciary Duty"; (4) "Against All Defendants for Unjust Enrichment"; (5) "Against Miller, Hart, Matthews, Mathewson, Burt, and Bittman for Corporate Waste"; (6) "Against Matthews and Cavanaugh For Violation of §10(b) of the Exchange Act and SEC Rule 10b-5 Promulgated Thereunder"; (7) "Against Miller, Hart, Mathewson, Burt, and Bittman For Violation of §20a of the Exchange Act"; and (8) "Against Matthews For Violation of § 20(A) of the Exchange Act."

1  based on a failure to show demand futility. Id.  Despite being
2  given leave to amend, an amended complaint was never filed, and
3  judgment was entered in favor of Defendants.
4       In this action, IGT filed a Motion to Dismiss (#6) on April 19,
5  2011, arguing that this action must be dismissed in its entirety
6  because demand futility was previously litigated in favor of
7  Defendants in Fosbre, and because Plaintiff has not shown that
8  demand is futile, nor has he shown that the contemporaneous
9  ownership requirement to sue has been satisfied. On June 17, 2011,
10 Plaintiff filed his opposition (#31). On July 8, 2011, IGT replied
11 (#32).

## II. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal

3

quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted).

4

1  A court may also treat certain documents as incorporated by
2  reference into the plaintiff's complaint if the complaint "refers
3  extensively to the document or the document forms the basis of the
4  plaintiff's claim." <u>Ritchie</u>, 342 F.3d at 908. Finally, if
5  adjudicative facts or matters of public record meet the requirements
6  of Fed. R. Evid. 201, a court may judicially notice them in deciding
7  a motion to dismiss. <u>Id.</u> at 909; <u>see</u> FED. R. EVID. 201(b) ("A
8  judicially noticed fact must be one not subject to reasonable
9  dispute in that it is either (1) generally known within the
10 territorial jurisdiction of the trial court or (2) capable of
11 accurate and ready determination by resort to sources whose accuracy
12 cannot reasonably be questioned.").

### III. Discussion

15     Under Federal Rule of Civil Procedure 23.1, a shareholder
16 seeking to vindicate the interests of a corporation through a
17 derivative suit must first demand action from the corporation's
18 directors or plead with particularity the reasons why such a demand
19 would have been futile. FED. R. CIV. P. 23.1(b)(3). All of
20 Plaintiff's claims in this lawsuit are derivative, requiring a
21 demand on IGT's board or a particularized showing of demand
22 futility. It is undisputed that Plaintiff made no demand on IGT's
23 board.
24     IGT argues that this action must be dismissed because demand
25 futility was previously litigated in favor of Defendants in the
26 consolidated shareholder derivative suit which was based on nearly
27 identical allegations and for the same relevant period following

5

November 2007. <u>Fosbre v. Matthews</u>, No. 3:09-cv-00467, 2010 WL 2696615 (D. Nev. July 2, 2010)[2]. In <u>Fosbre</u>, we found that the plaintiffs had failed to show demand futility, and granted leave to amend, but the case was dismissed after no amended complaint was filed. <u>Id.</u>

In Nevada, four factors must be satisfied for issue preclusion:

> '(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; ... (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation'; and (4) the issue was actually and necessarily litigated.

<u>Five Star Capital Corp. v. Ruby</u>, 194 P.3d 709, 713 (Nev. 2008) (quoting <u>Univ. of Nev. v. Tarkanian</u>, 879 P.2d 1180, 1191 (Nev. 1994)).

With respect to the first factor, demand futility was squarely at issue and Plaintiff's reasons for failing to make a demand on the board are essentially the same in this action, or any additional reasons could have been raised in the previous action. With respect to the second factor, courts have found that the demand futility issue is final and on the merits. <u>See, e.g.</u>, <u>In re Sonus Networks, Inc., S'holder Derivative Litig.</u>, 499 F.3d 47, 59-60 (1st Cir.

---

[2] Each of the individual defendants named in this case were defendants in <u>Fosbre</u>. While four of the eight directors serving on the board of directors at the time this action was filed were not serving at the time of <u>Fosbre</u>, the new directors all joined IGT in 2010 and are not named defendants in this action. Six of the directors had not even joined IGT during the challenged events. Because we decide this case on the basis of issue preclusion, we do not delve into the merits of demand futility, as that issue was amply dealt with in <u>Fosbre</u>, but we predict that such an analysis would lead to the same conclusion despite the slightly different allegations brought by Plaintiff in this case.

6

1  2007); LeBoyer v. Greenspan, No. CV 03-5603-GHK (JTLx), 2007 WL
2  4287646, at *3 (C.D. Cal. June 13, 2007). With respect to the third
3  factor, plaintiffs in a shareholder derivative action represent the
4  corporation, and therefore the question of whether demand on the
5  board of directors would have been futile is an issue that is the
6  same no matter which shareholder serves as plaintiff. In re Sonus,
7  499 F.3d at 64. The fourth factor is satisfied as well. This Court
8  received extensive briefing and issued a detailed order on the issue
9  of demand futility in Fosbre.
10     Plaintiff argues that issue preclusion does not apply here
11 because Plaintiff has additional or different factual allegations
12 than those raised in Fosbre. The fact that the Fosbre plaintiffs did
13 not plead "every possible cause of action or include every possible
14 time period or defendant does not alter the central issue–whether
15 demand on [defendants] would have been futile." In re Bed Bath &
16 Beyond Inc. Derivative Litig., No. 06-cv-5107, 2007 WL 4165389, at
17 *6 (D.N.J. Nov. 19, 2007). Nor do Plaintiff's arguments that he has
18 allegations specific to the demand futility issue that are different
19 from the allegations brought up in Fosbre preclude our use of issue
20 preclusion.[3] "Facts excusing a failure to make demand that could
21 have been pleaded in the first complaint, or by amendment before
22 dismissal, should be barred" because "a party who has litigated an

---

[3] Nor do we find compelling Plaintiff's argument that our ruling in a securities class action involving IGT necessitates a different result in this case. See Int'l Broth. of Elec. Workers Local 697 Pension Fund v. International Game Tech. et al., No. 3:09-cv-419-ECR-RAM, 2011 WL 915115 (D. Nev. Mar. 15, 2011). Our ruling did not relate in any way to the issue of demand futility in a shareholder derivative case.

ultimate fact may not bring forward different evidentiary facts in order to relitigate the finding." In re Sonus, 499 F.3d at 63.

### IV. Conclusion

Plaintiff's complaint must be dismissed because Plaintiff has failed to make a demand on the board of directors, and the issue of demand futility was fully litigated in favor of defendants in a previous shareholder derivative case based on the same allegations.

**IT IS, THEREFORE, HEREBY ORDERED** that IGT's Motion to Dismiss (#6) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: March 14, 2012.

_____
UNITED STATES DISTRICT JUDGE

8